UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RENE SIERRA,<br>JOSE SANCHEZ,<br>YANDY RODRIGUEZ,<br>PEDRO RODRIGUEZ,<br>DJORDJ SINAVONIC,<br>ARMANDO LEON,<br>DANIEL FIGUEREDO<br>and YOLEXI RODRIGUEZ,<br>on behalf of themselves and on behalf of all others<br>similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RECONSTRUCTION<br>OF TAMPA BAY, LLC,<br>DIAMOND RECONSTRUCTION SERVICES,<br>LLC,<br>NICHOLAS EXARHOS, an individual, and<br>JASON PHILLIPS, an individual<br><br>Defendants. | Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RENE SIERRA, JOSE SANCHEZ, YANDY RODRIGUEZ, PEDRO

RODRIGUEZ, DJORDJ SINAVONIC ARMANDO LEON, DANIEL FIGUEREDO, and

YOLEXI RODRIGUEZ ("Plaintiffs"), by and through undersigned counsel, on behalf of

themselves and on behalf of all others similarly situated, bring this action against

Defendants, DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND

RECONSTRUCTION SERVICES, LLC, NICHOLAS EXARHOS, and JASON PHILLIPS ("Defendants"), and in support of their claims state as follows:

**JURISDICTION AND VENUE**

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District of Florida.

**GENERAL ALLEGATIONS**

4.      Plaintiffs are mostly residents of Hillsborough County, Florida.

5.      Defendants operate a contracting company in Tampa, in Hillsborough County, Florida.

6.      Plaintiffs have satisfied all conditions precedent, or they have been waived.

7.      Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiffs request a jury trial for all issues so triable.

9.      At all times material hereto, Named Plaintiffs were employed by Defendants as laborers and/or handymen.

10.     At all times material hereto, Named Plaintiffs were employed by Defendants and primarily performed manual duties.

11.     The similarly situated employees consists of all other laborers, handymen, and manual workers employed by Defendants within the last three years.

12.     At all times material hereto, Plaintiffs and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

13.     At all times material hereto, Plaintiffs and the similarly situated employees were "employees" of Defendant within the meaning of the FLSA.

14.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC jointly controlled the terms of Plaintiffs' employment and paid Plaintiffs.

15.     Defendant DIAMOND RECONSTRUCTION SERVICES, LLC prepared and/or issued contracts for several Plaintiffs.

16.     Defendant DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC issued Plaintiffs' payroll checks.

17.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC (hereafter collectively referred to as DIAMOND) are Plaintiffs' joint employers.

18.     At all times material hereto, Defendant DIAMOND was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

19.     At all times material hereto, Defendant DIAMOND was an enterprise covered by the FLSA. See 29 U.S.C. §§ 203(r) and 203(s).

20.     At all times relevant to this action, Defendant DIAMOND engaged in interstate commerce within the meaning of the FLSA. See 29 U.S.C. § 203(s).

21.     At all times relevant to this action, the annual gross sales volume of Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC exceeded $500,000 per year.

22.     NICHOLAS EXARHOS and JASON PHILLIPS are officers, employees, and supervisors of DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC.

23.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC were mere instrumentalities or alter egos of Defendants NICHOLAS EXARHOS and JASON PHILLIPS.

24.     Defendants NICHOLAS EXARHOS and JASON PHILLIPS engaged in improper conduct in the use of DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC and DIAMOND RECONSTRUCTION SERVICES, LLC.

25.     Defendants NICHOLAS EXARHOS and JASON PHILLIPS required several Plaintiffs to work in personal and family properties and home(s).

26.     Defendants NICHOLAS EXARHOS and JASON PHILLIPS used the corporate form of the above named entities for unjust purposes.

27.     Defendants NICHOLAS EXARHOS and JASON PHILLIPS supervised Plaintiffs, and exercised control over the wages, hours, and working conditions of Plaintiffs

and the similarly situated employees. Defendants NICHOLAS EXARHOS and JASON PHILLIPS also controlled the payroll practices of DIAMOND.

28.     Through the exercise of dominion and control over all employee-related matters at DIAMOND, NICHOLAS EXARHOS and JASON PHILLIPS, in their individual capacity, were also "employers" within the meaning of the FLSA.

29.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXARHOS, and JASON PHILLIPS jointly determined, shared, and/or allocated the ability to direct, control, and/ or supervise Plaintiffs and others similarly situated employees.

30.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXARHOS, and JASON PHILLIPS jointly determined, shared, and/or allocated the power to modify the terms or conditions of employment for Plaintiffs and others similarly situated employees.

31.     Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXARHOS, and JASON PHILLIPS are joint employers of Plaintiffs and other similarly situated employees.

32.     At all times material hereto, the work performed by Plaintiffs and the similarly situated employees was directly essential to the business performed by Defendants.

33.     The Internal Revenue Service ("IRS") will be notified of this Complaint as is required under the Internal Revenue Code. In particular, 26 U.S.C. § 7434(d) provides

that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."

## FACTS

34. Plaintiff RENE SIERRA worked for Defendants from January 2016 to September 2016.

35. Plaintiff JOSE SANCHEZ worked for Defendants in 2016, for approximately four to five months.

36. Plaintiff YANDY RODRIGUEZ worked for Defendants from March 2016 to September 2016.

37. Plaintiff PEDRO RODRIGUEZ worked as a handyman for Defendants in 2016, for approximately four to five months.

38. Plaintiff DJORDJ SINAVONIC began working for Defendants in 2014 or 2015. His employment ended in 2016.

39. Plaintiff ARMANDO LEON worked for Defendants from January 2016 until July or August 2016.

40. Plaintiff DANIEL FIGUEREDO worked for Defendants in 2016, for approximately three to four months.

41. Plaintiff YOLEXI RODRIGUEZ worked for Defendants in 2016, for approximately seven to eight months.

42. At various times material hereto, Plaintiffs and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendants,

and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rate.

43.     Defendants failed to pay Plaintiffs and the similarly situated employees an overtime premium for all of their overtime hours, in violation of the FLSA.

44.     By failing to accurately record all of the hours worked by Plaintiffs and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. *See* 29 C.F.R. § 516.2

45.     At all times material hereto, Defendants set Plaintiffs and the similarly situated employees work schedules and provided them with daily tasks.

46.     Defendants also exercised complete control over the methods that Plaintiffs and the similarly situated employees used to conduct their work, the manner in which this work was completed, and the circumstances surrounding their work activities.

47.     At all times material hereto, the work performed by Plaintiffs and the similarly situated employees was integral and essential to the business performed by Defendant.

48.     Thus, rather than being independent contractors who were in business for themselves, Plaintiffs and all similarly situated drivers were "employees" of Defendant within the meaning of the FLSA.

49.     In an effort to avoid providing its employees with the minimum benefits and protections afforded employees under the FLSA and Florida law, Defendant has willfully, uniformly, and unilaterally classified its laborers as independent contractors,

rather than employees, despite the fact that the factual circumstances of the relationship between Defendant and its laborers clearly demonstrate that Defendant's laborers are, in fact, employees of the company.

50. Defendants requested its laborers to execute independent contractor agreements issued by Defendant DIAMOND RECONSTRUCTION SERVICES, LLC which limited their ability to file claims of lien.

51. Defendants requested its laborers to execute independent contractor agreements with established hourly rates.

52. Defendants requested its laborers to execute independent contractor agreements that required availability Monday through Friday, as needed.

53. Defendants requested its laborers to execute independent contractor agreements that established supervisory requirements.

54. By misclassifying Plaintiffs and all similarly situated employees of Defendant as independent contractors, Defendant avoided withholding employment taxes from their earnings. Defendant avoided paying mandatory employment taxes on their behalf, as it was legally required to do for all of its employees under the provisions of the Internal Revenue Code. *See* 26 U.S.C. §§ 3102(a), and 3492(a) (imposing a duty on employers to deduct applicable taxes from their employees' wages); 26 U.S.C. § 3401(d)(1) (defining "employer" under the IRC); (26 U.S.C. § 3121(a) (defining employee wages for the purpose of income taxation).

55. Defendant's purpose in misclassifying Plaintiffs and all similarly situated employees of Defendant as independent contractors, rather than properly classifying them

as employees, was to save money and simultaneously acquire a competitive advantage in the marketplace. Specifically, by avoiding payment of all applicable employment taxes that it had a legal duty to pay on behalf of its laborers by virtue of their status as employees, Defendant saved the money that it would otherwise have spent in meeting its tax obligations in connection with their employment. Moreover, this intentional misclassification of employees as independent contractors helped Defendant acquire a competitive advantage in the marketplace.

56.     In purposely avoiding payment of the mandatory employment taxes that is was legally obligated to pay on behalf of its laborers in order to save money for its business, Defendant simultaneously ensured that its cost of labor remained consistently lower than those of other employers, all while deprive Plaintiffs and all similarly situated employees of Defendant of benefits to which, as employees, there were entitled by law.

57.     Thus, by intentionally misclassifying Plaintiffs and all similarly situated laborers, Defendant in unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts or practices in conduct of any trade or commerce, thereby violating the FDTUPA.

58.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA, the FDUTPA, and the Internal Revenue Code, and others.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b).  The similarly situated employees are employees who Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

60.     Therefore, notice is properly sent to: "All employees whom Defendants failed to compensate for all of the overtime hours that they worked from 2013 to the present."

61.     The total number and identities of the similarly situated employees may be determined from the records of Defendants, and the similarly situated employees may easily and quickly be notified of the pendency of this action.

62.     Plaintiffs are similar to the similarly situated employees because they have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

63.     Plaintiffs' experience with Defendants' payroll practices is typical of the experience of the similarly situated employees

64.     Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiffs or of the Class is common to the similarly situated employees.

65.     Overall, Plaintiffs' experience as laborers who worked for Defendants is typical of the experience of the similarly situated employees.

66.     Specific job titles or job duties of the similarly situated employees do not prevent collective treatment.

67.     Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

68.     Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 67 of this Complaint, as fully set forth herein.  Plaintiffs bring this action on behalf of them and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

69.     During the statutory period, Plaintiffs and the similarly situated employees worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

70.     Defendants failed to compensate Plaintiffs and the similarly situated employees for all of the overtime hours that Plaintiffs and the similarly situated employees worked.

71.     The similarly situated employees were all employed by Defendants as manual workers, handyman, and/or laborers, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its laborers for all of the overtime hours that they worked.

72.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiffs and the similarly situated employees who have

opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

73.     All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     As a result of the foregoing, Plaintiffs and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of Plaintiffs and the similarly situated employees that they seeks to represent, in accordance with the FLSA;

(b)      Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)      Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiffs and all opt-in the similarly situated employees at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiffs and all opt-in the similarly situated employees at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendants stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

75.     Plaintiffs reallege and readopt the allegations of paragraphs 1 through 58 of this Complaint, as though fully set forth herein.

76.     In an effort to avoid providing its laborers with the minimum benefits and protections afforded employees under Florida law, Defendant has willfully, uniformly, and unilaterally classified its laborers as independent contractors rather than employees, despite

the fact that the factual circumstances of the relationship between Defendant and its laborers clearly demonstrate that the laborers are in fact employees of the company.

77.     In violation of FDUTPA, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and has thereby deprived Plaintiffs of fundamental rights and privileges guaranteed to all employees under Florida law.

78.     The actions of Defendant, in misclassifying Plaintiffs' employment, are unfair and deceptive trade practices prohibited by Florida Statutes. Specifically, Defendant's misclassification of Plaintiffs as independent contractors resulted in substantial cost savings to Defendant (due to its not having to pay employment taxes) and gave Defendant an unfair competitive advantage over its competitors.

79.     By and through Defendant's unfair, unlawful, and/or deceptive business practices described herein, Plaintiffs have suffered injury in fact in that Defendant has obtained valuable property, money and/or services from Plaintiffs, and has deprived Plaintiffs of valuable rights and benefits guaranteed by law.

80.     All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

81.     Plaintiffs are entitled to and seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiffs

have been deprived, by means of the above-described unfair, unlawful and/or deceptive business practices.

**WHEREFORE**, Plaintiffs demand:

      (a)      Judgment against Defendants and determination by the Court that Defendant violated the FDUTPA;

      (b)      Plaintiffs' actual damages;

      (c)      All costs and attorney's fees incurred in prosecuting these claims; and

      (d)      For such further relief as the Court deems just and equitable.

## COUNT III – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS 26 U.S.C. § 7434

82. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 58 of this Complaint, as though fully set forth herein.

83. Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." 26 U.S.C. § 7434

84. At all times material hereto, Defendants misclassified Plaintiffs independent contractors.

85. Defendants issued an informational return Form 1099 MISC directly to the IRS on behalf of Plaintiff and also issued non-reported cash payments. During the course of their employment with Defendants, Defendants filed false information returns for Plaintiffs with the IRS which misclassified them as independent contractors.

**WHEREFORE**, Plaintiffs demand:

15

(a)    Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiffs and damages resulting from the additional tax debt and additional time/expenses associated with any necessary correction.

(b)    That Defendants be ordered to take all the necessary steps to correct the above identified information returns;

(c)    All costs and attorney's fees incurred in prosecuting these claims; and

(d)    For such further relief as the Court deems just and equitable.

## COUNT IV – UNPAID WAGES UNDER FLORIDA COMMON LAW
## AS TO RENE SIERRA AND YANDY RODRIGUEZ

86.    Plaintiffs re-allege and readopt the allegations of paragraphs 1 through 58 of this Complaint, as though fully set forth herein.

87.    During the statutory period, Plaintiffs Rene Sierra and Yandy Rodriguez worked for Defendants, and Defendants agreed to pay Plaintiffs Rene Sierra and Yandy Rodriguez for their services.

88.    Defendants failed to pay all "all wages" owed to Plaintiffs Rene Sierra and Yandy Rodrigue, including payment for their services during the last weeks of employment.

89.    It is estimated that Yandy Rodriguez is owed $900.00 in unpaid wages and Rene Sierra is owed $2,100.00

WHEREFORE, Plaintiffs demand:

(a)    Judgement against Defendants for an amount equal to the unpaid wages of Plaintiff Rene Sierra and Yandy Rodriguez.

(c)      All costs and attorney's fees incurred in prosecuting these claims in accordance with Fla. Stat. § 448.08; and; and

(d)      For such further relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 7th day of April 2017.

Respectfully submitted,


**s/ Cynthia Gonzalez**
**CYNTHIA M. GONZALEZ**
Florida Bar No. 53052
Attorneys for Plaintiff
**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com


**s/ Luis A. Cabassa**
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
Attorneys for Plaintiffs