## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between JOSE SANCHEZ ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3. In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

On or about June 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $ 2500. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00   on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.      In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et. seq. ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.      This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.      Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.      In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.      This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.      All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this _____ day of _____, 2017

DATED this 20 day of December 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

JOSE SANCHEZ

_____

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between PEDRO RODRIGEZ ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1.     This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.     The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3.     In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

    On or about March 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $1200. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

    Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00   on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.      In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 *et seq.* ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.      This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.      Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.      In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.      This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.      All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this ___ day of _____, 2017

DATED this _12_ day of ~~2017~~ , 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

PEDRO RODRIGUEZ

_____

**SETTLEMENT AGREEMENT AND
GENERAL RELEASE**

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement")
is made and entered into by and between YANDY RODRIQUEZ ("Plaintiff") and Defendants
DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION
SERVICES, LLC, NICHOLAS EXHAROS, an individual,
and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS
in the United States District Court for the Middle District of Florida violation of the FLSA and
related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of
litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein,
it is agreed as follows:

1.    This Agreement is not and shall not in any way be construed as an admission by
      any party of any wrong doing or violation of law. The Parties have entered into this
      agreement for the sole purpose of resolving the aforementioned civil litigation and to
      avoid the burden, expense, delay and uncertainties of litigation.
2.    The Parties through their counsel agree to file a Motion for Approval of
      Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to
      file any other documents necessary to effect dismissal of this matter.
3.    In consideration of this Agreement, and in full and final settlement of any claims
      which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND
      RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION
      SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an
      individual, shall make payments as follows:

      On or about April 5, 2018, Defendants shall pay to the law firm Wenzel Fenton
      Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of
      fees and costs. On the same date Defendants shall forward to the law firm Wenzel
      Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of
      $ 2600. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be
      properly issued.

      Defendants shall continue to pay the additional fees and costs agreed upon by the
      payment of $1000.00   on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.      In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et. seq. ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.      This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.     Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.     In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.     This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.     All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.    In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.    All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.    This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.    This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.    This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this _____ day of _____, 2017

DATED this _____ day of _____, 2017

Defendants _____

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

YANDY RODRIGUEZ

_____

Form. **W-9(SP)**
(Rev. febrero de 2015)
Department of the Treasury
Internal Revenue Service

## Solicitud y Certificación del Número de Identificación del Contribuyente

**Entregue el formulario al solicitante. No lo envíe al *IRS*.**

**1** Nombre (tal como aparece en su declaración de impuestos sobre el ingreso). Se le requiere anotar un nombre en esta línea; no deje esta línea en blanco.

Yandy Rodriguez

**2** Nombre del negocio/Nombre de la entidad no considerada como separada de su dueño, si es diferente del de arriba

**3** Marque el encasillado correspondiente para la clasificación tributaria federal. Marque sólo uno de los siguientes 7 encasillados:

[✓] Individuo/empresario por cuenta propia o *LLC* de un solo miembro   [ ] Sociedad anónima tipo C

[ ] Sociedad anónima tipo S   [ ] Sociedad colectiva   [ ] Fideicomiso/caudal hereditario

[ ] Cía. de responsabilidad limitada (*LLC*). Anote la clasificación tributaria (C=Soc. anónima tipo C,
    S=Soc. anónima tipo S, P=Soc. colectiva) ▶

**Nota:** Para una *LLC* de un solo miembro que no es considerada separada de su dueño, no marque "*LLC*". Marque el encasillado en la línea anterior que corresponde a la clasificación tributaria del miembro-dueño único.

[ ] Otro (vea las instrucciones) ▶

**4** Exenciones (los códigos aplican sólo a ciertas entidades, no a individuos; vea las instrucciones en la página 4):

Código de beneficiario exento (si alguno) _____

Código para la exención de la declaración conforme a *FATCA* (si alguno) _____

*(aplica a las cuentas mantenidas fuera de los EE.UU.)*

**5** Dirección (número, calle y número de apartamento o de suite)

4880 47th Ave N.

Nombre y dirección del solicitante (opcional)

**6** Ciudad, estado y código postal (*ZIP*)

St Petersburg, FL 33714

**7** Anote el (los) número(s) de cuenta(s) aquí (opcional)

### Parte I   Número de identificación del contribuyente (*TIN*)

Anote su número de identificación del contribuyente (*TIN*, por sus siglas en inglés) en el encasillado correspondiente. El *TIN* tiene que concordar con el nombre provisto en la línea 1 para evitar la retención adicional del impuesto. Para los individuos, éste es, por lo general, su número de Seguro Social (*SSN*, por sus siglas en inglés). Sin embargo, para un extranjero residente, empresario por cuenta propia o entidad no considerada como separada de su dueño, vea las instrucciones para la Parte I en la página 5. Para otras entidades, es su número de identificación del empleador (*EIN*, por sus siglas en inglés). Si no tiene un número, vea **Cómo obtener un** *TIN*, en la página 5.

**Nota:** Si la cuenta está a nombre de más de una persona, vea las instrucciones para la línea 1 y la tabla en la página 6 para recibir asesoramiento sobre cuál número debe anotar.

**Número de Seguro Social**

767 - 68 - 0433

**Número de identificación del empleador**

☐☐ - ☐☐☐☐☐☐☐

### Parte II   Certificación

Bajo pena de perjurio, yo declaro que:

1. El número que aparece en este formulario es mi número de identificación de contribuyente correcto (o estoy esperando que me asignen un número) y

2. No estoy sujeto a la retención adicional de impuestos porque: (a) Estoy exento de la retención adicional o (b) No he sido notificado por el Servicio de Impuestos Internos (*IRS*, por sus siglas en inglés) de que estoy sujeto a la retención adicional de impuestos como resultado de no declarar todos los intereses o dividendos o (c) el *IRS* me ha notificado que ya no estoy sujeto a la retención adicional y

3. Soy ciudadano de los EE.UU. u otra persona de los EE.UU. (definido después) y

4. El (los) código(s) de la *Foreign Account Tax Compliance Act* (Ley de Cumplimiento Tributario para Cuentas Extranjeras o *FATCA*, por sus siglas en inglés) anotado(s) en este formulario (si alguno) indicando que estoy exento de declarar conforme a *FATCA* es el (son los) correcto(s).

**Instrucciones para la certificación.** Tiene que tachar la partida 2 anterior si el *IRS* le ha notificado que usted en estos momentos está sujeto a la retención adicional de impuestos porque no declaró todos los intereses y dividendos en su declaración de impuestos. Para las transacciones de bienes inmuebles, la partida 2 no corresponde. Para los intereses hipotecarios pagados, la adquisición o abandono de bienes asegurados, la cancelación de deudas, las contribuciones a un arreglo de jubilación individual (*IRA*, por sus siglas en inglés) y, por lo general, los pagos que no sean intereses y dividendos, no se le requiere firmar la certificación, pero tiene que proveer su *TIN* correcto. Vea las instrucciones en la página 5.

**Firme Aquí**   Firma de la persona de los EE.UU. ▶ *[signature]*   Fecha ▶ 12|22|17

## Instrucciones Generales

Las secciones a las cuales se hace referencia son del Código Federal de Impuestos Internos, a menos que se indique de otra manera.

**Acontecimientos futuros.** La información sobre acontecimientos que afecten al Formulario W-9(SP) y sus instrucciones (como legislación promulgada después de que dichos documentos se hayan publicado) está disponible en *www.irs.gov/w9sp*.

### Propósito del formulario

Una persona o entidad (nombrada en el Formulario W-9(SP)) a quien se le requiera presentar una declaración informativa ante el *IRS* tiene que obtener su *TIN* correcto, el cual puede ser su *SSN*, número de identificación del contribuyente (*ITIN*, por sus siglas en inglés), número

de identificación del contribuyente para adopción (*ATIN*, por sus siglas en inglés) o *EIN*, para declarar en una declaración informativa la cantidad pagada a usted, u otra cantidad declarada en una declaración informativa. Ejemplos de declaraciones de información incluyen, pero no se limitan a, los siguientes:

• Formulario 1099-INT (interés ganado o pagado)

• Formulario 1099-DIV (dividendos, incluyendo aquellos provenientes de acciones o fondos mutuos)

• Formulario 1099-MISC (diferentes tipos de ingresos, premios, recompensas o ingresos brutos)

• Formulario 1099-B (ventas de acciones o fondos mutuos y ciertas otras transacciones de corredores)

Cat. No. 38917U   Formulario **W-9(SP)** (Rev. 2-2015)

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between DJORDI SINAVONIC ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1.    This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.    The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3.    In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

On or about August 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $ 2500 . Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00  on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.       In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 *et seq.* ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.       This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.     Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.     In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.     This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.     All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this 3̲0̲ day of ̲D̲e̲c̲e̲m̲b̲e̲r̲, 2017

DATED this _____ day of _____, 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

DJORDI SINAVONIC

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement")
is made and entered into by and between ARMANDO LEON ("Plaintiff") and Defendants
DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION
SERVICES, LLC, NICHOLAS EXHAROS, an individual,
and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS
in the United States District Court for the Middle District of Florida violation of the FLSA and
related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of
litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein,
it is agreed as follows:

1.      This Agreement is not and shall not in any way be construed as an admission by
any party of any wrong doing or violation of law. The Parties have entered into this
agreement for the sole purpose of resolving the aforementioned civil litigation and to
avoid the burden, expense, delay and uncertainties of litigation.

2.      The Parties through their counsel agree to file a Motion for Approval of
Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to
file any other documents necessary to effect dismissal of this matter.

3.      In consideration of this Agreement, and in full and final settlement of any claims
which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND
RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION
SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an
individual, shall make payments as follows:

On or about February 5, 2018, Defendants shall pay to the law firm Wenzel
Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed
amount of fees and costs. On the same date Defendants shall forward to the law
firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of
Plaintiff the sum of $ 1620. Plaintiff shall provide an IRS W-9 Form so that the
"1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the
payment of $1000.00   on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.      In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C § 8 *et seq.* ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.      This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.      Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.      In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.      This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.      All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this _____ day of _____, 2017

DATED this ___30___ day of __December__, 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

ARMANDO LEON

_____

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between RENE SIERRA ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1.      This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.      The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3.      In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

On or about July 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $ 4980. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00  on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.       In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 *et seq.* ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.       This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.      Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.      In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.      This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.      All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this  20  day of  DEC , 2017

DATED this 20th day of December 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

RENE SIERRA

_____

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between DANIEL FIGUERODA ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1.      This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.      The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3.      In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

On or about January 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $ 2310. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00  on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.        In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et. seq. ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.        This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.      Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.      In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.      This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.      All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.     In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.     All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.     This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.     This Agreement may  be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.     This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this 20th day of December, 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

DANIEL FIGUEREDO

_____

## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between YOLEXI RODRIQUEZ ("Plaintiff") and Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, ("Defendants") (collectively "Parties").

**WHEREAS,** PLAINTIFF instituted the following civil action, Case No. 8:17-CV-812-T-36-JSS in the United States District Court for the Middle District of Florida violation of the FLSA and related claims;

**WHEREAS,** the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1.      This Agreement is not and shall not in any way be construed as an admission by any party of any wrong doing or violation of law. The Parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2.      The Parties through their counsel agree to file a Motion for Approval of Settlement Agreement in Case No. 8:17-CV-812-T-36-JSS. The Parties further agree to file any other documents necessary to effect dismissal of this matter.

3.      In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, NICHOLAS EXHAROS, an individual, and JASON PHILLIPS, an individual, shall make payments as follows:

On or about May 5, 2018, Defendants shall pay to the law firm Wenzel Fenton Cabassa, P.A. the first $1000.00 installment on the $12,000.00 agreed amount of fees and costs. On the same date Defendants shall forward to the law firm Wenzel Fenton, Cabassa, P.A. in complete settlement of the claim of Plaintiff the sum of $ 2500. Plaintiff shall provide an IRS W-9 Form so that the "1099" may be properly issued.

Defendants shall continue to pay the additional fees and costs agreed upon by the payment of $1000.00  on the fifth of each month thereafter until fully paid.

Should any payment not be received by Plaintiff by the deadlines herein, Plaintiff through counsel agrees to notify counsel for Defendants of the delinquency and Defendants shall have 5 business days from notification of such delinquency to cure such delinquency. If such delinquency is not cured within 5 business days of notification as more fully described herein, Defendants agree to entry of judgement against Defendants DIAMOND RECONSTRUCTION OF TAMPA BAY, LLC, DIAMOND RECONSTRUCTION SERVICES, LLC, and NICHOLAS EXHAROS, an individual, in the amount of any portion of the damages not paid at the time of entry judgement.

JASON PHILLIPS shall be immediately released from all claims and liability upon execution of this Agreement.

4.      In consideration and conditioned upon receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates, franchisees or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents, and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action including, but not limited to any claim for breach of contract, unjust enrichment, or any claim based on violation of the terms of any written agreement between the Parties, and any claim brought under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Fair Labor Standards Act, 29 U.S.C. § 8 *et seq.* ("FLSA"); Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.* ("ADA"); Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Florida Civil Rights Act of 1991 ("FCRA"), Fla. Stat § 760.01; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), other claims of statutory violation, retaliation; constructive or wrongful discharge; all tort claims, intentional or otherwise; negligence claims; constitutional claims, including but not limited to procedural and/or substantive due process and First Amendment claims; claims pursuant to any contractual relationship between he parties, claims for attorney's fees and costs, and any other claims or causes of action Plaintiff has or may have had against general release. Except as otherwise agreed in Paragraph 3 of the Agreement, the parties shall bear their own attorney's fees and costs.

5.      This Agreement sets forth the entire agreement between Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Florida. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

6.       Plaintiff warrants that from the date of this Agreement, Plaintiff will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized any information other than the information contained in this Agreement or is otherwise public record.

7.       In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

8.       This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.       All warranties, representations, terms, conditions, covenants, agreements and released contained herein shall survive this Agreement. Should any provisions of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

10.      In entering into this Agreement, all Parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and that they fully understand and accept those terms.

11.      All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

12.      This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13.      This Agreement may be enforced by any court having jurisdiction and relief shall include but not limited to specific performance and injunctive relief.

14.      This Agreement shall be binding upon PLAINTIFF and DEFENDANTS and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit or said Parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this _____ day of _____, 2017

DATED this 30 day of December 2017

Defendants

NICHOLAS EXHAROS

_____

JASON PHILIPS

_____

DIAMOND RESTORATION SERVICES

_____

By: Nicholas Exharos

Authorized Member

Plaintiff

YOLEXI RODRIGUEZ

_____